UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GERMAINE A. ELOCK,
    Plaintiff,

vs.                                                                                          08-1346

MARY SIGLER, et. al.,
    Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

    This cause is before the court for merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    On May 4, 2009, the court struck the plaintiff's original complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. May 4, 2009 Court Order. The plaintiff had attached dozens of pages of exhibits to her complaint, but had failed to provide enough information in the body of her complaint to put the defendants on notice of the claims against them. The court gave the plaintiff 21 days to file an amended complaint and she has now complied with that court order.

    The plaintiff's amended complaint is submitted pursuant to 42 U.S.C. §1983 and claims that the plaintiff's constitutional rights were violated at Dwight Correctional Center. The plaintiff has named nine defendants including Warden Mary Sigler, Warden Carolyn Trancoso, Counselor Rosemary Sutton, Counselor Ray Lovell, Counselor Patty Corrigan, Correctional Officer Kelly Davidson, Grievance Officer Peter Edward Crnkovic Adjustment Committee Member Timothy Lovell and Adjustment Committee Member Beatrice Brownfield.

    The plaintiff states the defendants have repeatedly violated her First and Fourteenth Amendment rights from June of 2008 to the present. The plaintiff has stated specific claims against each of the nine defendants. For instance, the plaintiff says Warden Mary Sigler violated her constitutional rights when she approved disciplinary sanctions handed out by the Adjustment Committee. The plaintiff then lists the dates and numbers of nine disciplinary tickets and the discipline imposed. The disciplinary tickets range from August 10, 2008 to October 15, 2008. The plaintiff lost good time credits for one of the offenses, but all other disciplinary measures include segregation and various other restrictions. Simply approving the discipline recommended by the Adjustment Committee does not state a violation of the

plaintiff's Fourteenth Amendment rights.

The plaintiff also says the Warden violated her First Amendment rights when the plaintiff "informed her of the violation of my rights to appeal these disciplinary sanctions and the violation of my rights continued." (Comp, p. 2)   The plaintiff says when the Warden deemed that the plaintiff's grievances did not qualify as an emergency grievance, she did not provide the form to appeal the decisions.  In addition, the plaintiff says the Warden to not respond to nine emergency grievances the plaintiff filed from June 4, 2008 to December 16, 2008.

The plaintiff has failed to state a violation of her constitutional rights. The court warned the plaintiff in its first order that she has no liberty interest in prison grievance procedures since the procedures themselves create no substantive rights. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992).  In addition, the Constitution requires no grievance procedure at all, so the failure to reply to a grievance or follow a grievance procedure does not violate the Constitution. *Evans v Firkus,* 2008 WL 694709 at 8 (C.D. Ill Mar. 11, 2008); *Hunter v Justus,* 2008 WL 161472 at 2 (S.D. Ill Jan. 17, 2008); *Baltoski v Pretorius,* 291 F. Supp.2d 807, 811 (N.D. Ind. 2003)("[t]he right to petition the government for redress of grievances, however, does no guarantee a favorable response, or indeed any response, from state officials.")

The plaintiff makes similar claims against Defendants Transcoso, Sutton, Corrigan, Crnkovic, Brownfield, R. Lovell and T. Lovell.  For the reasons stated above, the plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff also says she informed the defendants that her rights had been violated during "unfair' disciplinary hearings, but no action was taken.   The plaintiff has listed the dates of the hearings she believes were unfair and the discipline imposed, but she has failed to provide any further information.  The plaintiff has failed to state a violation of her constitutional rights. The plaintiff has not stated or shown that she was deprived of a constitutionally protected interest in life, liberty or property.  *Lekas v Briley,* 405 F.3d 602 (7th Cir. 2005).

The plaintiff's amended complaint fails to state a claim upon which relief can be granted. Therefore, the court must dismiss the complaint.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to**

      record the plaintiff's strike in the three-strike log.

3)      The plaintiff must still pay the full docketing fee of $350.00 even though her case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)      The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)      The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)      If the plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal,  she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 15th day of June, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE